UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMED S., | Case No. 21-CV-2316 (JRT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| ICE, | |
| Respondent. | |

Petitioner Mohamed S. was a detainee of the Sherburne County Jail, held pursuant to 8 U.S.C. § 1231(a) pending his removal from the United States, when he filed the petition for a writ of habeas corpus that commenced this action (Dkt. No. 1). The petition raises essentially two claims. First, Mohamed S. alleged that conditions at the Sherburne County Jail had deteriorated due to the Covid-19 pandemic; that preexisting health conditions caused him particularly to be in danger from the virus; and that, as a result, his ongoing detention amounted to a constitutional violation. Second, Mohamed S. alleged that the length of his detention had exceeded the time permitted under the Due Process Clause of the Constitution. This Court directed the Respondent to file a response to the habeas petition showing cause why the writ should not be issued in this case, consistent with 28 U.S.C. § 2243. (Order, Dkt. No. 4.)

Respondent replied that Mohamed S. had recently been released from detention. (Response at 1, Dkt. No. 7.) Respondent argued that because Mohamed S. was no longer in detention and was no longer subject to the conditions at Sherburne County Jail, the

1

petition had become moot and should be dismissed. (*Id.*) Because Mohamed S. had already received the relief to which he would be entitled had the habeas petition been granted, there was nothing left for the Court to adjudicate.

It is well-established that the release from detention of a person held pursuant to § 1231(a) will generally result in a habeas petition filed by that detainee to become moot. *See, e.g.*, *Khouri v. McAleenan*, No. 19-CV-2035 (DSD/BRT), 2019 WL 4600215 (D. Minn. Sept. 23, 2019); *Nnodi H. v. Sec'y Dep't of Homeland Sec.*, No. 18-CV-1986 (ECT/TNL), 2019 WL 2424044, at *2 (D. Minn. May 24, 2019). The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *See, e.g.*, *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* at 469 (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). Where a detainee has been released, he has already received the remedy to which he would have been entitled had the habeas been granted. The result is that, were the habeas petition granted, the petitioner "would find himself in *precisely* the situation in which he already finds himself." *Kargbo v. Brott*, No. 15-CV-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016). That "is the very definition of mootness." *Id.*

Mohamed S. acknowledges that he is no longer being detained at the Sherburne County Jail. (Dkt. No. 11.) In reply to the response, however, Mohamed S. argues that this matter is not moot for three reasons.

First, Mohamed S. argues that his detention would resume if he were someday found to have violated the conditions of his release or detained in anticipation of imminent removal and that the issues raised in the habeas petition therefore persist, notwithstanding his release. Courts of this District have uniformly rejected this argument, *see, e.g.*, *Muzaliwa v. Brott*, No. 16-CV-0941 (DSD/LIB), 2016 WL 3960371, at *10 (D. Minn. June 10, 2016), and for good reason. Litigants lack standing to bring claims based only on "conjectural" or "hypothetical" future injuries. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations omitted). Neither Mohamed S. nor the Court can know at this time that the conditions of confinement challenged in the habeas petition would still exist should Mohamed S. become detained again, or whether any future detention would take place within the jurisdictional boundaries of this District, *see* 28 U.S.C. § 2241(a), or whether any future detention of Mohamed S. would violate the Due Process Clause in the same manner that was the subject of the habeas petition. *See Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2004) (finding detention under § 1231(a) permissible where removal is reasonably foreseeable). That Mohamed S. might someday be able to raise claims similar to those raised in the habeas petition is not sufficient to establish his standing to litigate those claims today.

Second, Mohamed S. argues in his reply (and suggested in his habeas petition) that he should not be removed at all, and he asks the Court to intervene in that process. Questions concerning the legality of the removal of Mohamed S. (as opposed to the legality of detention preceding that removal) are outside the jurisdiction of this Court. *See* 8 U.S.C. § 1252(g). "[T]he circuit courts of appeal have exclusive jurisdiction to review the

3

constitutional and legal questions involving a final order of removal and . . . this is an adequate and effective collateral remedy to the previous habeas jurisdiction of the district courts." *Yang v. Mukasey*, No. 07-4780 (JMR/JJK), 2008 WL 4844706, at *3 (D. Minn. Nov. 7, 2009) (citing *Mohamed v. Gonzales*, 477 F.3d 522, 525–27 (8th Cir. 2007)). This is not the appropriate case or the appropriate venue for Mohamed S. to argue that the order of removal is invalid or should be revisited.

Third, Mohamed S. argues that the conditions to which he is subject on release, especially the requirement that he wear an electronic-monitoring bracelet, are unlawful. As an initial matter, these claims regarding the conditions of release were not raised in the habeas petition—which was, after all, submitted before Mohamed S. had been released— and are therefore not properly a subject of this litigation. *See Redking Foods LLC v. Minn. Assocs. LP*, No. 13-CV-0002 (PJS/JSM), 2014 WL 754686, at *4 (D. Minn. Feb. 26, 2014) (collecting cases). But even if Mohamed S. had asserted these claims in his original habeas petition or in an amended petition, the claims would not be appropriately raised as part of this proceeding. A petition for a writ of habeas corpus is the appropriate procedural vehicle for challenging the legality of custody itself, not the legality of the *conditions* of custody. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Claims regarding the conditions of custody and seeking to alleviate those conditions must instead be presented in a traditional non-habeas civil action. And even if this matter were to be reinterpreted as a non-habeas matter in order to salvage the conditions-of-custody claims presented in the reply brief (and which, again, have never been pleaded), those claims would fail for lack

4

of an appropriate defendant.[1] *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (finding that claims under *Bivens* cannot be brought against federal agencies).

This Court therefore agrees with Respondent that this case has become moot. As a result, the Court lacks jurisdiction over this matter, which must be dismissed without prejudice. Finally, because Mohamed S. has received the relief to which he would have been entitled had the petition been granted and this matter has become moot, the motion for appointment of counsel of Mohamed S. (Dkt. No. 3) has similarly become moot and may be denied on that basis.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Mohamed S.'s petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED WITHOUT PREJUDICE**.

2. The motion for appointment of counsel of Mohamed S. (Dkt. No. 3) be **DENIED AS MOOT**.

3. This matter be **DISMISSED AS MOOT** and **JUDGMENT ENTERED ACCORDINGLY**.

Dated: January 6, 2022                     *s/ John F. Docherty*
                                           John F. Docherty
                                           United States Magistrate Judge

---

[1] Additionally, it is not clear that this District would be an appropriate venue for such claims, as Mohamed S. no longer resides within Minnesota and the conditions of release he seeks to challenge are not occurring in Minnesota. *See* 28 U.S.C. § 1391(e).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).